## LEANDER M. MACOMBER vs. JAPHET SHOREY.

A notice to a private to do duty in a company of militia is fatally defective, if there be no such date thereon as to enable one to be satisfied, that one year rather than another was intended.

Thus, where the only date on the notice was, " the twenty-fourth day of *September*, 183 at one of the clock in the afternoon," the notice was held insufficient.

THIS is a writ of error, brought to reverse a judgment rendered by a justice of the peace, in favor of the defendant, in an action brought by the plaintiff in error against him to recover a fine for neglecting to appear at a company training. The only question was, whether *Shorey* was legally warned to appear at the training. The only proof of the warning was evidence, that a paper was left at his place of abode more than four days before the training, of which a copy follows. " Militia of *Maine*. To *Japhet Shorey*. You, being duly enrolled as a soldier, in the company of which *Rufus Marston* is commanding officer, are hereby ordered to appear at the usual place of parade of said company, on *Saturday*, the twenty-fourth day of *Sept.* 183 at one of the clock in

the afternoon, armed and equipped.  By order of said commanding officer.  *Wm. H. Boynton*, Corporal.  Dated at *Monmouth*, this 17th day of *Sept.* 183  ."

The case was argued in writing.

*May* argued for the plaintiff in error, and cited *stat.* 1834, *c.* 121, § 21;  *Howard* v. *Harrington*, 4 *Pick.* 133 ;  *Tillson* v. *Bowley*, 8 *Greenl.* 163 ;  *Commonwealth* v. *Derby*, 13 *Mass. R.* 433.

*A. Belcher* argued for the defendant, and cited *Cobb* v. *Lucas*, 15 *Pick.* 7.

The case was continued for argument and advisement, and the opinion of the Court afterwards prepared by

SHEPLEY J. — The cases cited by the plaintiff's counsel decide, that where a month is named in the body of an instrument, it is to be understood to be a month of the year of its date, unless it is apparent from the connexion, that another was intended.  In those cases the instrument itself was regularly dated.  In this case, there is no such date as to enable one to be satisfied, that one year rather than another of the present period was intended.  The argument that the year may be inferred from the time, when the notice was handed to the party is not satisfactory ;  because it leaves the person in doubt whether the paper was designed to be, or can be considered, as an authentic instrument.  The law designs, that he should be made certainly, and not by conjecture, to know his duty before obedience is exacted.

*Judgment affirmed.*